IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Wencoast Restaurants, Inc. and Marshall W. Criss, | ) ) ) | |
| Plaintiffs, | ) ) | C/A No. 2:05-1650-18 |
| vs. | ) ) | |
| Chart Capital Partners, L.P.; Chart Capital Associates, LLC; Chart Group L.P.; Wencoast Holdings LLC; H. Whitney Wagner; David Collier, and Chris Brady, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| Wencoast Restaurants, Inc., | ) ) | |
| Plaintiff, | ) ) ) | C/A No. 2:05-1651-18 |
| vs. | ) ) ) | **ORDER and OPINION** |
| Marshall W. Criss and Thomas Powell, | ) ) | |
| Defendants. | ) ) | |

Before the court is Chart Capital Partners L.P.'s ("Chart") motion to transfer the above-captioned action to the non-jury roster. Marshall Criss opposes the transfer.[1] The dispute centers on the Shareholder Agreement's jury waiver provision, which provides in relevant part:

---

[1] Chart Capital Partners, L.P.; Chart Capital Associates LLC; The Chart Group, L.P.; Wencoast Holdings, LLC; H. Whitney Wagner; David Collier; and Chris Brady are defendants in C/A No. 05-1650. The same interests derivatively represent Wencoast Restaurants, Inc. in C/A No. 05-1651. Marshall Criss is the plaintiff in C/A No. 05-1650, and derivatively represents Wencoast Restaurants, Inc. in the same action. Criss and Thomas Powell are named defendants in C/A No. 05-1651.

> 24. **WAIVER OF JURY TRIAL**. To the extent not prohibited by applicable law which cannot be waived, each party hereto hereby waives and covenants that it will not assert (whether as plaintiff, defendant or otherwise) any right to trial by jury in any forum in respect of any issue or action, claim, cause of action or suit (in contract, tort or otherwise), inquiry, proceeding or investigation arising out of or based upon this agreement or the subject matter hereof or in any way connected with or related or incidental to the transactions contemplated hereby, in each case whether now existing or hereafter arising . . . .

Shareholder Agreement ¶ 24. This broad provision encompasses the issue to be tried later this month, specifically, whether the "FCCR" is below 1.1. A low FCCR triggers Chart's call option under the Call Option Agreement and waives Criss's call options pursuant to Shareholder Agreement ¶ 6.f.7. While the FCCR can be calculated without reference to the Shareholder Agreement, the trial is not meant to determine the FCCR in a vacuum. The FCCR's significance lies partly in the Shareholder Agreement; if below 1.1, then Criss's options are waived. As such, the issue for trial is "connected with," "related" and "incidental to" the "transactions contemplated hereby." The trial's outcome will determine if Criss's call rights are waived pursuant to the Shareholder Agreement. Therefore, the trial is "connected with" the Shareholder Agreement, and the jury waiver provision applies.

It is therefore **ORDERED** that Chart's motion to transfer this action to the non-jury roster be **GRANTED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 12, 2006**
**Charleston, South Carolina**